## J. CANTEREAU v. LACAZE and LEWIS, Sheriff.

A purchaser cannot acquire title to property pending an action to subject the property to the claim of another.

C. C., 2428.

APPEAL from the Fifth District Court of New Orleans. *Buchanan*, J. *Tissot*, for plaintiff and appellant. *Preaux*, for defendant.

BUCHANAN, J. (VOORHIES, J., absent.) In Sept., 1847, the defendant, *Lacaze*, sold to one *Duclos* a vachery, etc., for $2200. The note given for the price, not having been paid at maturity, suit was instituted and the property which had been sold, was, on the 23d May, 1848, sequestered. On the 30th of the same month, one *Delamaire*, the son-in-law of *Duclos*, intervened and claimed to be the owner of the property sequestered, under a sale from *Duclos*, under private signature, dated April 11, 1848. On the 16th June, judgment was rendered in favor of plaintiff for the sum claimed, and the sale to *Delamaire*, the

CANTEREAU
v.
LACAZE.

intervenor, declared a simulation. Previously to this, however, (23d March, 1848,) *Delamaire* sold to one *Fontaine* by public act.

The judgment in favor of *Lacaze* not having been satisfied, he instituted a revocatory action against *Duclos, Delamaire* and *Fontaine*, on the 9th March, 1839, to annul the sales of *Duclos* to *Delamaire* and *Delamaire* to *Fontaine* as fraudulent, and to subject the property to his judgment. The sales were annulled and the property declared to belong to the defendant, *Duclos*. Pending this suit, (30th March, 1849,) *Duclos* again sold the property in question to *John Cantereau*, who, by virtue of the title thus acquired, has instituted the present suit against *Lacaze* and the Sheriff for the recovery of the property and for damages resulting from the alleged wrongful seizure, made under the judgment last referred to.

The defence is that this property still belongs to *Duclos*, plaintiff's vendor, and that the pretended sale was fraudulent and made to defeat his claim.

Of this opinion was the Judge of the District Court, who in giving judgment in favor of the defendant, declared that "this last bungling contrivance of *Duclos*, to defeat his creditor, must share the fate of the previous ones."

That the sale was made to plaintiff by *Duclos* for the purpose of defrauding the defendant, is clearly established. Whether the plaintiff participated in the fraud, or had knowledge of it, need not be enquired into. The title under which he claims was acquired pending defendant's action against his vendor to subject the property to his claim. Under these circumstances an alienation cannot be made to the prejudice of a plaintiff's right. C. C., 2428. *Long* v. *French*, 13 L., 260.

Judgment affirmed.