DAVID L. RANLETT, Administrator, *v.* ELIZA JANE CONSTANCE et al.

In a twofold action by attachment against the debtor, and to set aside the sale of the property attached, and where the property was bonded by the vendee—*Held:* That the plaintiff's remedy was two fold, against the bond by means of the attachment, and against the property through the revocatory action.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

C. *Roselius* and A. *Phillips*, for third opponent, appellant.  *Collins & Woolridge* and W. D. *Hennen*, for appellees.

VOORHIES, J.  The intervenor and third opponent, *James P. Waters*, is the appellant in this cause.  He contends that the plaintiff's remedy is upon the bond furnished for the release of the attachment, and not upon the property bonded.

The plaintiff brought a twofold suit,—against his debtor E. *J. Constance*, to recover the amount of his demand, and against *John G. Weir*, to cancel, on the grounds of fraud and simulation, the sale of a slave made, pending these proceedings, by the former to the latter.

This slave was thereupon attached at the plaintiff's instance, and bonded by the transferree.  Subsequently, *Weir* reconveyed this property to his vendor, who then sold the same to *J. P. Waters*, for a valuable consideration.

It is admitted that *Waters*, is a purchaser in good faith.

The cause being tried, the plaintiff obtained a judgment, liquidating his demand against *Constance*, canceling the sale to *Weir*, and subjecting the property attached to satisfy the plaintiff's demand.  Hence the third opposition of *J.P. Waters*.

Under the provisions of Art. 1972 of the Civil Code, the District Judge was authorized to decree that the property itself be applied to the payment of the creditor's claim.  It was not the mere attachment that gave a privilege to the plaintiff; but, independently of the attachment, he acquired the right of recourse on the property itself by virtue of his action in revocation.  His remedy is, consequently, twofold,—against the bond, by means of the attachment, and against the property through the revocatory action.  C. C. 2428.

Judgment affirmed.

LAND, J., absent.