### JOHN L. PAGETT *v.* HENRY CURTIS.

No *personal* judgment, in the absence of a citation or its equivalent, can be rendered, so as to be obligatory against an absentee. The only good purpose which can be attained by calling an absent person in warranty, through a curator *ad hoc*, is the giving of notice, as far as practicable, to the warrantor, of the pendency of the action. But it does not justify the rendition of a final judgment.

A certificate of proceedings before the Court of Ordinary in the State of South Carolina, where the Judge acts as clerk of his own court, is good evidence before our courts, under the Act of Congress, when such certificate has the seal of the court, is certified by the clerk, and the same person, in his capacity of Judge, declares the attestation to be in due form.

In a petitory action to recover property, the defendant cannot object to the introduction in evidence of the answers to interrogatories, upon the ground that the plaintiff, at the time of the service of the interrogatories, alleged ownership simply, without setting forth the particulars of the title so as to enable him to make a cross-examination of the witnesses, when the petition and such interrogatories sufficiently informed the defendant of their object.

In a petitory action, it is sufficient, prior to the call in warranty, to make service of interrogatories upon defendant. Defendant cannot object to their introduction in evidence against him.

Under our law, the widow in community may purchase from the succession of her husband, of which she is administratrix, and, in the absence of proof to the contrary, it will be presumed that the law of any other State is the same upon this subject as our own.

An order of the court, entered upon the minutes, is a part of the record of the case, and it is not, therefore, necessary to offer it in evidence in order to bring it to the notice of the court or jury.

Where property sequestered is bonded, the delivery of it to the party bonding, does not make him the owner and enable him to dispose of it at pleasure.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *Newton & Hall*, for plaintiff. *Todd & Brigham*, for defendant and appellant. *S. G. Parsons*, curator *ad hoc*, for warrantor and appellant.

MERRICK, C. J. This is a petitory action for the recovery of two slaves. The defendant called his immediate vendor, *B. F. Kennedy*, in warranty and also *E. D*

PAGET
v.
CURTIS.

*Duckworth*, who he alleged had guaranteed the title to the defendant by a parol contract.

The plaintiff had judgment against the defendant and this last had judgment over against his vendor, *Kennedy*.

Judgment was rendered in favor of *Duckworth*.

Defendant and the curator *ad hoc* appointed to represent *Kennedy*, appeal.

We do not think the judgment against the warrantor, *Kennedy*, can be maintained. It is now well settled that no *personal* judgment, in the absence of a citation or its equivalent can be rendered, so as to be obligatory against an absentee. The courts cannot be called upon to do the vain thing of rendering a judgment which cannot be enforced either at home or abroad. The only good purpose which can be attained by such call in warranty, seems to be the giving of notice, as far as practicable, to the warrantor, of the pendency of the action. See 2 An. 562 ; 3 An. 101 ; ibid 417 ; 7 An. 145. But this does not justify the rendition of a final judgment.

The defendant calls our attention to three bills of exception prior to an examination of the case on the merits.

The plaintiff claims title to the slaves, by virtue of his marriage with widow *Hester Geyton*. On the trial, he offered in evidence a document called a sale bill, (which corresponds with the proces-verbal of a probate sale made by an administrator under our law,) in order to show that she had acquired title to the slaves from succession of her deceased husband, *Geyton*. This document was objected to by the defendant on three grounds, viz :· that it was not properly authenticated under the Act of Congress, and it was not produced when a call was made upon the plaintiff for oyer of title, and was only a part of the mortuary proceedings.

It appears that the Judge of the Court of Ordinary, in South Carolina, acts as clerk of his own court. He signs his certificate in both capacities, after having stated that his certificate and attestation is in due form, and he affixes the seal of his office.

The certificate of the Governor was also obtained, who certified that *Herbert Hammond*, the Judge of the Court of Ordinary, had custody of ordinary wills and records of said court ; that his signature was genuine, and that full faith ought to be given to his proceedings and certificates as such.

We see no objection to the certificate. It had the seal of the court, was certified by the clerk, and the same person, in his capacity as Judge, declared the attestation to be in due form. This was all which could be done by the clerk and Judge under the Act of Congress ; and if more were wanting, which we do not perceive, it was supplied by the certificate of the Governor. C. P. 752.

The certificate shows that the record certified contains " a full, true and correct copy of all the proceedings had and documents filed in the settlement of the personal estate of *Robert Geyton*, late of Anderson District, deceased, as appears," &c., The plaintiff was not obliged to produce copies of other proceedings having no connection with the matter certified. It appears from the date of the certificate of the Judge, that the document was not made out until some months after the answer of the plaintiff to defendant's prayer of oyer. It was not, therefore, in his possession at that time ; neither is it shown that he was informed of the existence of the record, from which the defendant even, as well as he, could have procured a copy. The District Judge did not err in admitting the same in evidence.

The second bill of exceptions is to the introduction in evidence of the deposi-
tions of witnesses taken by the plaintiff. At the time the interrogatories were
served, the plaintiff alleged himself to be the owner of the slaves, without setting
forth the particulars of his title. He subsequently amended his petition in this
particular.

At the trial, the defendant objected to the testimony on the ground that the
petition, at the time the interrogatories were served, did not sufficiently apprize
him of the nature of plaintiff's title, to enable him to make a cross-examination
of the witnesses; that the interrogatories had never been served upon the war-
rantor; that it was an attempt to prove title to real estate by parol; and that it
appeared from the cross-examination, that record evidence existed of the facts
stated by the witnesses.

The objections set forth in this bill cannot be maintained. The plaintiff
claimed title to the slaves as owner. This, and the interrogatories themselves,
sufficiently informed defendant of their object. It was sufficient, prior to the call
in warranty, to make service of interrogatories upon defendant. The *defendant*
could not object to their introduction in evidence against him on that account.

Counsel have not pointed out the particular testimony which is objectionable
on the ground of the existence of better evidence, as shown by the cross-interro-
gatories. The "sale bill" is in evidence, and we discover nothing in the deposi-
tions inadmissible under the issue.

As the plaintiff's wife acquired the slaves by written title, under proceedings
in the Court of Ordinary, there is no ground to raise a discussion on the question
of proof of title by parol.

On the merits, it is contended that, inasmuch as *Mrs. Geyton* was administra-
trix of her husband's estate, she could not purchase the slaves, and she acquired
no title whatever.

Under our law, the widow in community may purchase, and, in the absence of
proof to the contrary, we will presume that the law of South Carolina is the
same on this subject as our own. See Acts of 1854, p. 155; Acts of 1855, p.
78; Phillip's Dig., p. 3.

It is next urged, that the identity of the negroes has not been sufficiently
proven. The plaintiff moved the court for an order upon the defendant to pro-
duce the slaves in controversy, in order that they might be identified. The de-
fendant, in answer to this rule, under oath, said he had not the slaves in his
possession or under his control, and that they had not been in his possession since
the service of the rule.

The slaves having been sequestered and delivered to the defendant upon his
bond, plaintiff moved the court, and obtained an order taking the identity of the
slaves as confessed.

The defendant contends before us, that this order of court was not offered in
evidence, and that, inasmuch as the plaintiff sues for the slaves, and in default of
delivery to him, he demands their value; and inasmuch as defendant gave bond
for the property when the sequestration was set aside: he was at liberty to dis-
pose of them as he pleased; and that his bond stood in the place of the slaves.

The order of the court, entered upon the minutes, was a part of the *record* in
the case, and therefore, it was not necessary to offer it in evidence to bring it to
the notice of the court or jury.

The object of a sequestration is to secure the production of the property sued
for, to answer the decree. It is resorted to as an additional security. It cannot,

PAGET
*v.*
CURTIS.

therefore, be admitted for a moment, that the delivery of the property to the defendant, upon his bond, makes him the owner, and enables him to dispose of the property at his pleasure. He must hold the property subject to the order of the court. C. C. 2428.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court as to said warrantor, *B. F. Kennedy*, be reversed, and that there be judgment in his favor, and against the demand in warranty of said *Henry Curtis*, as in case of a nonsuit, and that the said *Kennedy* recover his costs in the lower court; and it is further ordered, that the judgment of the lower court, in all other respects, be affirmed, the defendant paying the costs of the appeal.