## No. 6469.

MARTIN IVENS, JR., vs. E. M. IVENS & Co.  C. S. JOHNSON, GARNISHEE.

| 30 | 249 |
|----|-----|
| 51 | 1303 |

| 30 | 249 |
|----|-----|
| 52 | 178 |

The validity of a garnishee's title to property in his possession, of which he claims the ownership, can not be passed on in a rule, taken to traverse the answers of the garnishee. Such an issue can only be passed on in a direct suit brought to test the sufficiency of the title.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J.

*W. R. Mills* for plaintiff and appellant.

*W. B. Lancaster* and *H. E. Lazarus* for garnishee and appellee.

The opinion of the court was delivered by

EGAN, J. This is a proceeding in garnishment under *fieri facias*. Interrogatories were propounded to the garnishee who directly negatived the possession of any property or effects of the defendant, or any indebtedness to them. In answer to further interrogatories, the garnishee set up title by purchase and ownership of the only property of the character inquired about, and appended to his answers a written conveyance from H. S. Benham to him of the property the possession and ownership of which he thus claimed. He also excepted to the right of the plaintiff to proceed by garnishment process as attempted, to try the question of title, and asked to be excused from answering further. The

court sustained the exception and rendered judgment in favor of the garnishee on a rule taken by the plaintiff to traverse his answers.

From that judgment the plaintiff has appealed and urges upon us his right to introduce evidence under his traverse to disprove the answers of the garnishee, and to show the title of the property in his possession to be in the defendants and not in the garnishee.

In support of his pretensions, we are referred to the provision of article 262 of the Code of Practice that the garnishee must declare fairly and truly "what property *belonging to the defendant* he has in his possession *by whatever title* he may possess the same." It is manifest that the "title" referred to in this article is the right by which the garnishee holds for or under the defendant as bailee, lessee, or otherwise, and not to title to property the ownership of which is claimed by the garnishee to be in himself. The moment that character of title is interposed as a real, actual title, its validity and sufficiency can only be attacked by a direct action. See 2d R. 99; 1st R. 435; 17 L. 555; 3 A. 651 and 183; 12 A. 814; 19 A. 16; 25 A. 365; 26 A. 74.

Nothing in the interrogatories or answers or otherwise in the record leads to the suggestion or belief that the matters proposed to be tried on the rule relate to any other property than that the ownership of which is claimed by the garnishee, with color of right, at least as set forth in his answers. We can not in this form of proceeding try the question of the validity or sufficiency of that title or whether all the property claimed by virtue of it is covered by its terms.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed with costs of both courts.