## No. 8656.

## THE CITY OF NEW ORLEANS vs. A. MARCHAND AND THOMAS DUFFY, SHERIFF.

The law does not and cannot sanction or maintain a sale of property by the original owner or by his vendee during the pendency of a revocatory action instituted by a creditor of the original owner, seeking to avoid, in its effects as to him, an alleged fraudulent sale of the same property by his insolvent debtor.

The property thus claimed to be liable for the payment of his debt by a creditor cannot be alienated pending his action so as to prejudice his right.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Chas. F. Buck*, City Attorney, for Plaintiff and Appellant.

City vs. Marchand.

*B. R. Forman* and *W. S. Benedict* for Defendants and Appellees.

The opinion of the Court was delivered by

POCHÉ, J.   The City of New Orleans has enjoined the seizure of a dredgeboat and other movable property, seized as the property of the Mississippi and Mexican Gulf Ship Canal Company, in execution of a judgment obtained by Marchand against said Company.

The City claims title to the same property under a purchase from the Company and from Van Norden, who had previously bought the same property from the same vendor, and she prosecutes this appeal from a judgment dissolving her injunction and rejecting her demand.

The record shows the following facts :

A. Marchand and J. A. Willard, both judgment creditors of the Ship Canal Company, instituted separate suits for the revocation of the sale of the property now under seizure, by the Company to Van Norden, on the ground that said sale had been made by the insolvent Company in fraud of its creditors.

During the pendency of these two revocatory actions the City made the purchase hereinabove referred to, in which Van Norden joined his vendor in the transfer to the City.

In the suit of Willard, which had been brought in the Federal Court, the City claimed, by third opposition, the ownership of the property ; and being defeated in her claim, she paid the Willard judgment, and thus averted the sale of the property.   She now renews her claim of ownership in the Marchand case, coupled with the alternative demand for the reimbursement, by preference, out of the proceeds of the contemplated sale, of the amount which she paid for the Willard judgment.

The issue presents for solution the question, whether during the pendency of a revocatory action for the purpose of setting aside an alleged fraudulent sale of property to the detriment of the complaining creditor, a valid sale of the same property can be made by the vendor or his vendee, or both.

The mere statement of the foregoing facts, considered in the light of the provisions of our Civil Code, as expounded in our jurisprudence, is a negative answer to the proposition.

The object of the revocatory action is to avoid and annul the contract in its effects on the complaining creditor, and the legally prescribed effect of a judgment in favor of the complaining creditor is to make the property sought to be transferred, or its proceeds, liable to payment of his claim.   C. C. Art. 1977.

Hence, it logically follows that a construction of the law which would sanction a sale of the identical property during the pendency

of the action, either by the original vendor or by his vendee, would absolutely defeat the remedy which the law means to extend to creditors, for the purpose of avoiding the fraudulent acts of insolvent debtors.

To remove all possible doubt on the subject the law has specifically and wisely provided that such an attempted sale is a nullity.  C. C. Art. 2453.

Such has been the uniform exposition of the law on this subject by this Court.  Gillespie vs. Cammack, 3 An. 252; Cantereau vs. Lacaze, 9 An. 257; Ranlet vs. Constance, 15 An. 423; Paget vs. Curtis, Id. 453.

By the payment of the Willard judgment the City acquired no greater rights than Willard himself possessed.

By the release of his seizure Willard would have lost all claim to any privilege resulting from his seizure, and such is the attitude now occupied by the City.  Hence, her claim for reimbusement of the Willard judgment as against Marchand cannot be entertained.

The City cannot fortify her position by the argument that the purchase of the Company's dredgeboat was for the purpose of public utility, and that the purchase was specially authorized by an Act of the legislature enacted in the year 1876, under which she could have expropriated this specific property.

The judgment of Marchand against the Company was rendered in 1872, his revocatory action was instituted in 1873; and the right which he thus acquired of reaching the Company's property fraudulently transferred to Van Norden could not be subsequently affected by any claim of the City, or divested by any subsequent legislative action.

The judgment in favor of defendants is therefore correct, and is affirmed with costs.

Bermudez, C. J., absent.