(58 South. 413.)

No. 18,810.

RICE STIX DRY GOODS CO. v. SAUNDERS.

(April 8, 1912.)

(Syllabus by the Court.)

1. GARNISHMENT (§ 127*) — EXCEPTION BY GARNISHEE—SUFFICIENCY.

An exception of no cause of action to a proceeding by garnishment is good only in the event that an affirmative answer to each of the interrogatories propounded to the garnishee would disclose no indebtedness on his part to the defendant.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 252; Dec. Dig. § 127.*]

2. GARNISHMENT (§ 127*)—EXCEPTIONS TO INTERROGATORIES.

An exception of no cause of action may be interposed to interrogatories propounded to a garnishee.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 252; Dec. Dig. § 127.*]

3. GARNISHMENT (§ 158*)—DEFENSES—EXCEPTION OF NO CAUSE OF ACTION—TRAVERSE OF ANSWER.

The overruling of an exception of no cause of action to the proceedings by which the garnishee was made a party is not res adjudicata so far as concerns an exception of no cause of action to the rule to traverse the answers of the garnishee.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 288–297; Dec. Dig. § 158.*]

4. GARNISHMENT (§ 158*) — TITLE OF GARNISHEE—RULE TO TRAVERSE ANSWERS.

The validity of a garnishee's title to property in his possession and of which he claims ownership cannot be passed upon in a rule taken to traverse the answers of the garnishee. Such an issue can only be passed upon in a direct action to test the sufficiency of the title.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 288–297; Dec. Dig. § 158.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by the Rice Stix Dry Goods Company against D. G. Saunders; R. H. Downman, Garnishee. From a judgment sustaining the exception of the garnishee, plaintiff appeals. Affirmed.

F. S. Weis, for appellant. Hall, Monroe & Lemann, for appellee garnishee.

SOMMERVILLE, J. Plaintiff brings this suit against D. G. Saunders, a nonresident, and makes R. H. Downman party garnishee.

The petition sets out with great particularity the grounds upon which it is claimed that the garnishee is indebted to defendant.

The interrogatories propounded were five in number. The first four were in the stereotyped form. The fifth was as follows:

"Were you not at the time of the service hereof on you in the possession of certain lands situated in the parish of Vernon, state of Louisiana, transferred to your name by the said D. G. Saunders as security for a debt amounting to $40,000, which debt has been satisfied by payments and by sale of timber rights on part of said land?"

[1, 2]. Garnishee excepted that the proceeding against him disclosed no cause of action. This exception was properly overruled. The allegations in a petition showing how it comes about that the garnishee is indebted to the defendant are mere surplusage; it being sufficient to allege that the garnishee is indebted unto the defendant. Such exception could be validly sustained only when an affirmative answer to each of the interrogatories propounded to the garnishee would disclose that he owed nothing to the defendant.

The first four interrogatories were answered, "No." The answer to the fifth interrogatory was as follows:

"At the time of the service of this garnishment process, I owned and was in possession of certain lands situated in the parish of Vernon, state of Louisiana, which had been sold to me by Mr. D. G. Saunders, as appears by deed, subject to an equity of redemption, which was not exercised, and by reason of the failure to exercise the said lands remained and are my absolute property."

A rule was then taken by plaintiff to traverse the answer of the garnishee. This rule with great fullness and particularity sets out the reason for which it is charged that the answers of the garnishee are untrue. After detailing these reasons, the rule recites:

"That in consequence of the foregoing facts mover verily believes that the said R. H. Downman, garnishee herein, is indebted unto the said defendant Saunders, or has property and effects in his possession or under his control belonging to the said defendant."

To this rule garnishee filed an exception of no cause of action, and from the judgment sustaining the exception plaintiff prosecutes this appeal.

The rule to traverse recites that Saunders on June 16, 1906, executed a deed to Downman to certain land; that, whereas said instrument purported to be a sale, it was a conveyance given to secure the payment within one year of $40,000 due by Saunders to Downman; that by January, 1908, this indebtedness had been reduced to $15,000; that subsequent to that date Downman sold certain timber on said property for $16,290; that Downman ought to have gotten such a sum for the timber as would leave him now indebted unto Saunders in the full sum of $10,350, with 5 per cent. per annum interest thereon from June 15, 1908, until paid; "that Downman was merely the mandatory and trustee for the said Saunders, holding the title to said property in trust for the said Saunders."

[3] Garnishee's exception of no cause of action to the rule to traverse was properly sustained. The overruling of a similar exception taken to the garnishment proceeding did not constitute res adjudicata so far as relates to the exception to the rule to traverse. The interrogatories and the rule, being each a distinct and separate pleading, must each be judged on its own merits.

[4] The question thus sought to be put at issue by plaintiff was the ownership of certain property which the garnishee claimed to belong to him. Repeated decisions of this court, as well as the opinions of approved text-writers, are to the effect that the validity of a garnishee's title to property in his possession of which he claims ownership cannot be passed upon in a rule taken to traverse the answers of the garnishee, and that such an issue can only be passed on in a direct action brought to test the sufficiency of the title.

In the case of Liminet v. Fourchy, 51 La. Ann. 1299, 26 South. 87, the doctrine is laid down that, when plaintiff in garnishment proceedings seeks under a traverse to gar-

nishee's answers to raise issues not proper to be raised in such a proceeding, the garnishee should except thereto and not permit the issues to be tried and disposed of under evidence adduced without objection. If then evidence upon issues which cannot properly be raised upon the trial of the traverse is objectionable, it necessarily follows that the rule to traverse discloses no cause of action when such rule is founded exclusively upon allegations of fact which could not be inquired into upon the trial of the rule.

Finding no error in the judgment appealed from, the same is affirmed.