McCALEB, Justice
(dissenting from a refusal of a rehearing).
Upon reconsideration, I am convinced that it was error to dismiss the appeal herein on the ground that the judgment was an interlocutory decree which did not cause irreparable injury. The question presented by the appeal was whether the judge was correct in cancelling an order erasing the lis pendens filed by plaintiff against the property owned by defendant, on which plaintiff claimed a lien and privilege by virtue of its contention that its monies, which defendant had allegedly appropriated, .were used to purchase the real estate. The trial judge, on a rule taken by defendant, found that plaintiff had no lien or privilege on the property and he accordingly ordered the cancellation of the lis pendens from the mortgage records of Orleans Parish. ,
This judgment, in my opinion, was a final one since it determined, for once and all, the question of whether defendant’s property was encumbered with plaintiff’s claim. Compare Wilkinson v. Macheca, 158 La. 183, 103 So. 733. Therefore, it was improper to dismiss the appeal.
But even though the judgment be viewed as interlocutory, the dismissal of the appeal was incorrect because the decree was one which unquestionably caused irreparable injury. The conclusion reached in our opinion is premised on a finding that, since plaintiff did not have a lien against the property, it did not suffer injury. The holding that plaintiff does not have a lien and privilege seems to be correct but, as this is the issue to be determined on the merits of the case, it does not afford a good ground for the dismissal of the appeal. According to the authorities, the test to be used to determine if an interlocutory decree may work irreparable injury is whether the court, by its final decree, can restore the parties to the identical position they occupied before the judgment complained of was rendered. Obviously, in this case *794 plaintiff cannot be placed in the same position it occupied prior to the rendition of the decree cancelling the lis pendens because it now lies within defendant’s power to sell, mortgage or otherwise encumber the property. Plaintiff may be ever so wrong in its contention that it has a lien and privilege on the property but, at least, it is entitled to a day in the appellate court in order that it might be heard on this question.