BBUNOT, Justice.
 

 The plaintiff is a judgment creditor of the defendant. It caused a writ of fieri facias to issue in execution of its judgment, and, alleging that the New York Indemnity Company was a debtor of, or held funds in its hands belonging to the defendant, it caused garnishment process to issue and served that company with the usual interrogatories. The garnishee denied that it was indebted to the defendant in any sum, whatever, or that it had in its possession, at the time of the service of the interrogatories, or since, anything of value belonging to the defendant, or in which he had any interest, but that:
 

 “On or about March 8th, 1930, one M. H. Smith, a resident of Shreveport, Louisiana, entered into a contract with the Calatex Oil & Gas Company, Inc., wherein and whereby for the consideration therein set forth the said M. H. Smith agreed to drill a well for oil or gas in Caddo Parish for the said Calatex Oil & Gas Company, Inc., free and clear from all liens, a copy of which said contract is annexed hereto marked ‘Exhibit A’; that on the faith and in part consideration of a promise on the part of said M. H. Smith to execute an agreement of indemnity and assignment, etc., in favor of your respondent, your respondent executed a bond effective as of the date of the aforesaid contract as surety for the said M. H. Smith in the sum of $9,000.00, payable to the Calatex Oil & Gas Company, Inc., and conditioned in substance for the faithful performance of the contract and payment of laborers and furnishers of material pursuant to the provisions of Act 232 of the Legislature of-Louisiana for the year 1916, a copy of which said bond is annexed hereto and marked ‘Exhibit B’. Your respondent annexes hereto marked ‘Exhibit C’ a copy of the agreement executed in favor of your respondent by the said M. H. Smith as of date March 10th, 1930.
 

 “Bespondent further says that on or about March 26th, 1930, M. H. Smith entered into a contract with the Calatex Oil & Gas Company, Inc., wherein and whereby the said M. H. Smith agreed for the considerations therein named to drill a well for oil and gas for the Calatex Oil & Gas Company, Inc., in Panola County, Texas, free and clear of all liens for labor or materials, etc., a copy of which said contract is annexed hereto marked ‘Exhibit D’; that on the faith and in part consideration of an agreement of indemnity and assignment executed by M. H. Smith in favor of your respondent, your respondent executed a bond as surety for the said M. H. Smith in favor of the Calatex Oil & Gas Company, Inc., in the sum of $5,-500.00, conditioned in substance for the performance of said contract free and clear from
 
 *899
 
 all claims for labor and materials a copy of which said bond is hereto annexed and made part hereof marked ‘Exhibit E’. Your respondent annexes hereto marked ‘Exhibit F’ copy of the agreement of indemnity and assignment executed in favor of your respondent by M. H. Smith above referred to.
 

 “Your respondent further states that M. H. Smith incurred numerous bills for labor, materials and supplies in connection with the performance of the contract first above referred to and the contract second above referred to in the payment of which the said M. H. Smith has defaulted; that the claims against the said M. H. Smith aforesaid of which the said Calatex Oil & Gas Company, Inc., and your respondent have been informed, total in excess of $12,000.00; that as a result of said claims, liens and privileges are being- asserted against the property of the Calatex Oil & Gas Company, Inc., in the State of Louisiana and claims have been and will be made by said claimants against your respondent under its bond, liability of your respondent thereunder being fixed by the provisions of Act 232 of the Legislature of Louisiana for the year 1916; that liens and privileges have been asserted by said claimants against the property of the Calatex Oil & Gas Company, Inc., in the State of Texas and the Calatex Oil & Gas Company, Inc., is looking to your respondent to protect and hold it harmless against all such claims under the terms of the aforesaid contracts and bonds of your respondents.
 

 “Your .respondent further avers that at the time of the breach ■ and default of the contract first above described by the said M. H. Smith there was retained and withheld in the hands of the said Calatex Oil & Gas Company, Inc., on account of the contract price the sum of $3,855.90 which the said Calatex Oil & Gas Company, Inc., has paid to your respondent under the assignment contained in Exhibit ‘C’ and particularly Paragraph 6 thereof and also because said sum represented .rights, credits and securities in the hands of the said Oalatex Oil & Gas Company, Inc., to which your respondent was entitled by reason of its obligations of surety-ship.
 

 “Your respondent further states that at the time of the breach and default on the part of said M. H. Smith of the contract second above described, the said Calatex Oil & Gas Company, Inc., had withheld and was retaining on account of the contract price the sum of $3,000.00 which the said Calatex Oil & Gas Company, Inc., has paid to your respondent under the assignment contained in Exhibit ‘E’ and particularly Paragraph 6 thereof, and also because said sum represented .rights, credits and securities in the hands of the said Calatex Oil & Gas Company, Inc., to which your respondent was entitled by reason of its obligation of suretyship.
 

 “Your respondent further avers that it holds the sum of $6,S55.90 as aforesaid under the terms of the assignment contained in Exhibits ‘C’ and ‘E’ wherein and whereby said M. H. Smith assigned, transferred and conveyed to your respondent with respect to each of said contracts aforesaid all the deferred payments and retained percentages and any and all moneys and properties that were due and payable to M. H. Smith at the time of any breach or default in said contracts or that might thereafter become due
 
 *901
 
 and payable to him on account of said contracts ; your respondent avers that under said assignments said sum of $G,GS5.90 is the sole property of your respondent to be by it credited to any and all loss,’cost, damage or expense sustained or incurred by it under either of the aforesaid bonds and that its right in and to said money relates back to the dates of the aforesaid bonds.
 

 “Your respondent further avers that it is also holding said money by reason of its right to be subrogated to all the rights of the Calatex Oil & Gas Company, Inc., in and to the said money to protect itself against the consequences of the defaults on the part of the said M. H. Smith and by reason of the right of your respondent to be subrogated to all the .rights, securities, credits, etc., in the hands of the said Calatex Oil & Gas Company, Inc., belonging to the said M. H. Smith to protect and reimburse your respondent as surety against any and all loss, cost and expense by reason of its suretyship as aforesaid.
 

 “Your respondent further avers that its rights in and to all of said money are superior and prior to whatever rights may have been acquired by the plaintiff in writ herein.”
 

 Some time after the garnishee’s answers to the plaintiff’s interrogatories were filed, plaintiff ruled the garnishee into court to show cause why judgment should not be rendered in its favor and against the garnishee for the full amount of plaintiff’s judgment with priority over all other persons, or, in the alternative, subject to such claims as the court should determine primed the plaintiff’s judgment. The garnishee excepted to the rule as not disclosing a right or cause of action, and, reserving the benefit of its exceptions, answered the rule. The answer is a denial of the allegations contained in the rule and a reaffirmance of garnishee’s answers to the interrogatories.
 

 The trial judge maintained the garnishee’s exception of no cause of action, recalled the rule nisi, and dismissed the suit at plaintiff’s cost. The appeal is from that judgment.
 

 On the exceptions, counsel for the garnishee contends that the rule to show cause is either a demand for a judgment pro confesso or a rule to traverse. If it be the former, the answers are not an unconditional and unqualified confession of indebtedness to the defendant, and therefore a judgment pro confesso cannot be rendered against the garnishee. Counsel is supported in this contention by Airey & Stouse v. Hoke, 164 La. 998, 115 So. 60, 61, and the authorities there cited. In the Airey & Stouse v. Hoke Case this court said: -
 

 “It is only where the answers of the garnishee are an unconditional and unqualified confession of indebtedness to the defendant that judgment can be taken pro eonfessis against him, the garnishee. David v. Rode, 35 La. Ann. 961. * * * Edward Thompson Co. v. Durand, 124 La. 381, 50 So. 407.”
 

 If the pleading be a rule to traverse, counsel contends that it cannot be maintained because garnishee claims title to the fund in its possession. This contention is supported by Wilkinson v. Macheca, 158 La. 183, 103 So. 733, 736. In that case this court said:
 

 “In fact, the validity of the garnishee’s title to property in his possession, when he
 
 *903
 
 claims to be owner, cannot be passed on in a rule to traverse his answer. Such an issue can only be adjudicated in a direct suit, brought to test the sufficiency of the title. Liminet v. Fourchy, 51 La. Ann. 1303, 26 So. 87; Wapples on Attachment, p. 368; Peet et al. v. McDaniel & Co., Gardner & Co. and A. Baldwin, Garnishees, 27 La. Ann. 455; Martin Ivens, Jr., v. E. M. Ivens & Co., Johnson, Garnishee, 30 La. Ann. 249.”
 

 Inasmuch as plaintiff has brought its proceeding herein by rule, and garnishee’s alleged title,to the fund in its possession can only be adjudicated in a direct action brought to test the sufficiency of its title, it is apparent that the judgment maintaining garnishee’s exception of no cause of action is correct and should be affirmed. It is therefore decreed that the judgment appealed from be affirmed, at appellant’s cost.