ROGERS, Justice.
 

 Plaintiff and defendant were married on December 10, 1938, and on February 9, 1945, plaintiff brought this suit for divorce, based on the provisions of Act No. 430 of 1938. The statute provides that when married persons have been living separate and apart for a period of two
 
 *1085
 
 years or more, either party may sue for a divorce which shall be granted on proof of the continuous living separate and apart of the spouses during the statutory period.
 

 Defendant was served with citation and a copy of the petition on February 14, 1945, but failed to appear and answer or otherwise plead to the petition. On March 8, 1945, a preliminary default was entered and the case was called for confirmation of the default on March 14, 1945. After hearing the testimony of plaintiff and his mother, the judge refused to confirm the default and rendered judgment dismissing plaintiff’s suit. Plaintiff has appealed from the judgment. Defendant has not made any appearance in this Court and has not filed a brief.
 

 Plaintiff’s suit is predicated solely on his claim that he and his wife separated on January 10, 1943, and lived separate and apart for more than two years prior to February 9, 1945, the date this suit was filed. The testimony offered by plaintiff at the hearing to confirm the default shows that plaintiff was inducted into the United States Navy in October, 1942, at which time he was living with his wife and three small children at the matrimonial domicile in. the City of New Orleans. Plaintiff left for overseas duty on January 3, 1943, and two days later his wife and children removed to the home of his mother where .they remained until May, 1943, when they left to live. with, .defendant’s parents in Jefferson Parish. Plaintiff testified that on January 10, 1943, he received a lett,er from his wife in which she stated that she did not want to have anything more to do with him, and that since that time they have not lived together. But plaintiff was unable to produce the letter and, therefore, it was not offered in evidence and there is no means of ascertaining what it contained.
 

 Plaintiff testified that from the time he went overseas in January, 1943, he returned to New Orleans on three separate occasions, the first time in August, 1943. He left for overseas duty again on September 24, 1943, and returned to New Orleans on March 6, 1944. He apparently went overseas again after March 6, 1944, because he came back to New Orleans in November, 1944. Plaintiff further testified that since January 10, 1943, he has not lived with his wife and that at the time he filed his suit on February 9,- 1945, he had been living in New Orleans since November 30, 1944.
 

 As shown by his reasons for judgment that he dictated into the record, the judge declined to confirm the default because the testimony showed plaintiff was living with his wife and children at the time he was inducted into the navy, and thereafter plaintiff’s wife and children lived at the home of 'his mother which was the matrimonial domicile and she did not abandon that domicile until May, 1943. The judge held that in these circumstances the-
 
 *1087
 
 testimony failed to show the parties were living separate and apart for two years or more as required by the statute. We find no error in the ruling.
 

 Subject to the constitutional restriction that it shall not pass any local or special law granting divorces (Constitution 1921, Art. 4, sec. 4), the subject of divorce is a matter exclusively within the control of the Legislature. In the exercise of its powers over the subject, the Legislature, by the adoption of Act No. 269 of 1916, added to the causes enumerated in the Civil Code another cause for absolute divorce, viz., where the spouses have lived separate and apart for a period of seven years or more. By Act No. 31 of 1932, the statutory period was reduced from seven years to four years, and by Act No. 430 of 1938, the present law on the subject, the statutory period was reduced from four years to two years.
 

 The public policy, which finds expression in the several statutes to which we have referred, is based on the lawmakers’ assumption that it is better for spouses who have been living separate and apart for the statutory period and have found reconciliation to be hopeless to have an opportunity to remarry and reestablish the family relationship. But in pursuing the cause of action created by the law the party must bring himself within the terms of the law.
 

 Act No. 430 of 1938 provides that when married persons have been living separate and apart for. a period of two years or more, either party may sue- for an absolute divorce in the courts of his or her residence within the State, if the residence has been continuous for a period of two years, on proof of which a divorce shall be granted. When the statutory period is shown the court has no discretion but must grant the divorce.
 

 The separation of the married persons referred to in the statute means more than mere living apart. Business and other necessities may require the husband to live in one place and the wife at another. A separation of this character is not within the meaning of the statute. The separation intended by the statute is a separation by which the marital association is severed. It means the living asunder of the husband and wife. It is a voluntary act, and the separation must be with the intent of the married persons to live apart because of their mutual purpose to do so, or because one of the parties with or without the acquiescence of the other intends to discontinue the marital relationship.
 

 To constitute the voluntary separation required by the statute, it must appear that the separation upon the part of at least one of the parties was voluntary in its inception and was continuous throughout the statutory period. It certainly was not the intention of the lawmaker that the statute should apply to cases where the separation of the spouses was invol
 
 *1089
 
 untary as in the case of a husband inducted into the military or naval service of the country. If, however, while the husband is serving in the military or naval service, his wife absents herself from the matrimonial domicile with the intent to discontinue all the marital privileges and responsibilities and continues her absence for the statutory period, it must be presumed that her act is a voluntary act in its inception and throughout the statutory period. But there is no such showing in this case.
 

 Plaintiff alleged and sought to prove that the separation between him and his wife took place on January 10, 1943, which would be more than two years prior to the date on which he filed his suit. But the testimony offered by plaintiff failed to sustain his allegations. On January 10, 1943, plaintiff was in the naval service of the country and his wife and children were living at the home of his mother, which was the matrimonial domicile. At that time the absence of plaintiff from his wife, caused by his service in the navy, clearly was not a voluntary separation within the meaning of the statute.
 

 The involuntary nature of the separation was not affected by the testimony of plaintiff that “around” January 10, 1943, he received from his wife a letter in which she indicated her desire to put an end to their marital relations. Plaintiff could not produce the letter and there is no means of ascertaining its contents. Plaintiff’s testimony concerning the receipt of the letter, its loss and its contents, on which he relies to sustain his demand for a divorce, is not clear and convincing. Plaintiff testified that he lived with his wife until he left for overseas duty on January 3, 1943. There is nothing in the record to suggest that at this time any disagreement existed between the parties or that plaintiff’s wife was in any way dissatisfied with the marital relations. Nevertheless, plaintiff testified that “around” January 10, 1943, only seven days after he left his wife for overseas duty, he received a letter in which she informed him that she did not want to live with him any longer. Plaintiff does not show where and under what circumstances he received the letter, nor does he show where and under what circumstances he lost or mislaid the letter. Plaintiff’s testimony that he could not find the letter, which in the exercise of ordinary prudence he should have carefully preserved, indicates that he did not attach as much importance to the letter when he received it as he does now when he seeks to use it as a basis of his demand for an absolute divorce. Conceding plaintiff’s sincerity and desire to tell the truth, it is possible that he is mistaken in his recollection of or does not recall the entire contents of the letter, or that he misconstrued the meaning of its language. According to his testimony he received the letter more than two years prior to the time he testified regarding it.
 

 
 *1091
 
 In any event, accepting plaintiff’s testimony at its face value, all that it shows so far as the letter is concerned is that his wife did not care to live with him, and not that she had separated or was separating from him. As a matter of fact, it was not until May, 1943, that the separation of the spouses had its inception when plaintiff’s wife removed from the home of his mother, which, up to that time, was the matrimonial domicile, to take up her residence with her parents in Jefferson Parish with the intention of severing the marital association, and it was not until August, 1943, that plaintiff’s wife refused to become reconciled with him and to resume her marital obligations. This is shown by plaintiff’s testimony that when he returned from overseas duty the first time in August, 1943, at which time his wife was living with her parents in Jefferson Parish, she brought the children to see him the first night he was home and he then asked her what was wrong and whether she was tired of him “or what”; that her reply was it was none of his business. Whereupon, he said: “O.K., if that’s the way you feel about it, that’s that,” and that he had not lived with h'er since and did not intend to go back to her.
 

 If it be conceded that plaintiff’s cause of action arose in May, 1943, he has failed to prove one of the essential requirements of the law, a separation of two years or more, since the period elapsing between May, 1943, and February 9, 1945, when the suit was. instituted, is less than two years.
 

 This case differs from the recent case of Davis v. Watts, 208 La. 290, 23 So.2d 97, only in the fact that in that case the separation took place before the husband was inducted into the army and continued while he was in the military service and the separation had endured for more than two years prior to the filing of the suit. In this case, the separation took place after the husband was serving in the navy and "continued while he was in and after he left the naval service, and the period of separation was less than two years at the time the suit was instituted.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., absent.