McCALEB, Justice.
 

 The parties to these consolidated cases were married on August 8, 1941. One year later, the husband entered the United States Navy and remained absent from the state (except for a short furlough in
 
 1944)
 
 until November 1945, when he was separated from -the service. On February 2, 1946, he instituted suit for a divorce (under Act 430 of 1938) on the ground that he and his wife had lived separate and apart since August 8, 1942, when he enlisted in the Navy. As an incident to the demand, he applied for a preliminary injunction to restrain his wife from withdrawing funds out of a certain bank account kept by her in the National Bank of Commerce of New Orleans on the ground that the balance of $4,321.50 contained therein belonged to the community of acquets and gains. He obtained a temporary restraining order and, after a hearing, a preliminary injunction issued without bond prohibiting defendant and the bank from removing any of the funds on deposit.
 

 Things remained in this state until March 1, 1946, when plaintiff instituted another suit against his wife for a divorce charging that she lived in open adultery with a man named Hortenstein, with whom-she had contracted a bigamous marriage on October 28, 1943, while plaintiff was in the military service. In this action, a preliminary injunction similar to that in the
 
 *817
 
 two-year divorce suit was prayed for and granted, after hearing, by the court. Plaintiff also filed a supplemental petition in the ■■adultery action praying, in the alternative, for a separation from bed and board on the ground of cruelty. On April 25, 1946, he obtained an order dismissing, as of non-suit, his demand for a divorce under the two-year separation law.
 

 Prior to the time that plaintiff dismissed the two-year divorce suit, the defendant appeared and filed an answer thereto, admitting the allegations of the petition and praying in reconvention that she be granted the divorce. She also appeared in the adultery action and filed exceptions of lis pen-dens and misjoinder of causes of action. These exceptions were overruled and defendant answered admitting th.at she had ■contracted a bigamous marriage (annulled by judgment of court) but alleging that plaintiff had condoned her conduct. She also vigorously, but unsuccessfully, resisted the issuance of the preliminary injunction restraining her from withdrawing funds from the bank account in her name.
 

 The cases were consolidated for trial- — ■ that is, the reconventional demand of defendant for a divorce under the two-year law and the adultery action. After hearing, there was ■ judgment for plaintiff in both suits and the preliminary injunction theretofore issued was made perpetual. Defendant prosecuted appeals from the adverse decision and the cases have been consolidated again for our consideration and decision.
 

 At the outset, it is obvious from a mere statement of the proceedings below that the only matter in serious contest is whether the bank account in the name of the wife is community property.
 
 [1]
 
 And, since the funds in the bank were acquired during the marriage, defendant is confronted with the presumption of law that they are community funds and it devolved upon her to show by clear and convincing evidence that they belong to her separate and paraphernal estate. Civil Code Articles 2334, 2402 and 2386; Succession of Land, 212 La. 103, 31 So.2d 609. Defendant has assumed this burden and contends, primarily, that the bank account is to be regarded as her separate property under Article 2334 of the Code because it represents her earnings (as a professional piano player) while she was living separate and apart from plaintiff.
 

 A perusal of the record makes it apparent that some of the funds deposited in the bank account during 1943, 1944 and 1945, (while plaintiff was in the Navy) rep
 
 *819
 
 resented salary earned by defendant in her employment as a professional musician. However, she had wholly failed to prove that she was living separate and apart from plaintiff in the manner contemplated by Article 2334
 
 [2]
 
 during the period when these deposits were made. In truth, defense counsel, in their efforts to earmark the bank account as paraphernal property, have, perforce, resorted to a reliance upon a number of propositions which, though ingenious, are not meritorious. We shall discuss these points in the order of sequence in counsels’ brief.
 

 Defendant claims, initially, that the judge erred in granting a temporary restraining order and a preliminary injunction without requiring plaintiff to furnish a bond.
 

 This contention is not pertinent to the present inquiry because the temporary restraining order and the preliminary injunction are no longer extant; this appeal being taken from a final judgment making the injunction permanent. A bond is required by law for the issuance of restraining orders and preliminary injunctions but not for permanent injunctions.
 

 Defendant next claims that forasmuch as plaintiff alleged in his first petition for a divorce that the parties had been living separate and apart since August 8, 1942, he has judicially confessed that such was the case and that he may not contradict that averment even though it was made through error of fact or law.
 

 This claim is not tenable for many reasons but mention of one will suffice. It is firmly established that a litigant is not estopped from contradicting his sworn allegations where there is nothing to exhibit that his adversary was misled or damaged by reason of the averment. Farley et al. v. Frost-Johnson Lbr. Co. 133 La. 497, 63 So. 122, L.R.A.1915A, 200 Ann.Cas. 1915C, 717; Tyler v. Walt, et al., 184 La. 659, 167 So. 182; Sanderson v. Frost, 198 La. 295, 3 So.2d 626; Robinson v. Hunt, et al. 211 La. 1019, 31 So.2d 197; Janney v. Calmes, 212 La. 756, 33 So.2d 510 and Slaton v. King, 214 La. 89, 36 So.2d 648.
 

 The third complaint of defendant is that the judge should have sustained the plea of lis pendens which was filed in the adultery suit. It is said that, since the two-year divorce suit was pending at the time the adultery action was filed, the plea is well taken under Article 94 of the Code of Practice.
 

 This contention ignores plaintiff’s dismissal of the two-year divorce suit prior to the trial of the exception of lis pendens and, therefore, insofar as plaintiff was con
 
 *821
 
 cerned, there was only one action pending, i. e., the adultery suit. The fact that defendant filed a reconventional demand in the two-year action could not prevent plaintiff from dismissing the main demand. Article 491, Code of Practice.
 

 The next complaint is that the judge erred in overruling the exception of misjoinder of actions. Counsel suggest that it is improper to cumulate a demand for a divorce with an alternative plea for separation from bed and board.
 

 There is no merit in the point. Even if the demands he viewed as inconsistent, it is perfectly proper to join them in one action by alternative pleading. See Templet v. Babbitt, 198 La. 810, 5 So.2d 13 and cases there cited.
 

 Finally, it is said that the husband has condoned the wife’s adultery and bigamous marriage because he testified that, while he heard rumors relative to defendant’s relationship with Hortenstein during 1944 (when he was on leave), he failed to ask either his wife or Hortenstein to confirm or deny the reports despite the fact that he was constantly in their company. Counsel Contend that this statement of plaintiff is incredible; that he is not telling the truth and that, therefore, we must assume that he had full knowledge of defendant’s illicit relationship with Hortenstein and hold that he has condoned her conduct.
 

 Even though we might suspect that plaintiff’s knowledge (in 1944) of defendant’s relationship with Hortenstein was greater than he was willing to admit, we do not see how this would authorize a holding that he condoned her conduct. There is no evideiice whatever to show that he forgave her or that he cohabited with her following his return from the service, notwithstanding the fact that he lived in the same house with her (the residence of her stepmother) for a few days prior to the institution of the first suit.
 

 The judgments appealed from are affirmed.
 

 PONDER, J., absent.
 

 [1]
 

 Defendant is not entitled to a divorce under Act 430 of 1938 because the separation resulting from plaintiff’s entry into the Navy was not a “voluntary” separation as contemplated by the statute. See Otis v. Bahan, 209 La. 1082, 20 So. 2d 146, 166 A.L.R. 494. Conversely, there can be no doubt as to plaintiff’s right to a divorce in view of defendant’s admitted open adultery resulting from her bigamous marriage.
 

 [2]
 

 Article 2334 of the Code provides that “The earnings of the wife when living separate and apart from her husband * * * are her separate property.” This envisions the same sort of volunary separation held in Otis v. Bahan, supra (Nota 1) to be essential for a divorce under Act 430 of 1938 and does not include separations brought about by military duty, which are of an involuntary nature.