ELLIS, Judge.
Alexius Brothers & 'Co., Inc.,' Plaintiff-Appellee herein, and judgment creditor of C. A. Brock, had issued a garnishment upon the Colonial Cannery, Inc., employer of Mrs. C. A. Brock, wife of the judgment debtor. The petition for garnishment was filed January 22, 1951 which alleged Mrs. Brock was bookkeeper for the defendant company, and her salary community property, subject to seizure as the judgment sought to be collected was a community debt. Interrogatories were issued though not in the record, and answered in the negative by the garnishee and these answers filed February 13, 1951. On March 12, 1951 plaintiff moved to traverse the answers of the garnishee and this rule was tried March 26, 1951. The record discloses an answer was filed to the rule to traverse .the answers of defendant and garnishee on the same day upon which the rule was tried, pursuant to regular assignment. The matter was taken under advisement, the minutes reflecting Mrs. Brock was allowed two ’weeks in which to secure and file a certified copy of an alleged original marriage contract entered into with her husband at the date of their marriage. Although plaintiff’s attorney objected to this offering the trial court ordered it be filed, subject to the objection. Upon September 14, 1951 the lower Court, upon motion of attorney for the plaintiff, showing the contract had never been filed, rendered judgment on the rule decreeing that the garnishee pay out of the wages of Mrs. C. A. Brock to the plaintiff a sum equal to 20% of her total wages, “beginning January 26, 1951, and continuing for as long as the judgment is unsatisfied and the said Mrs. C. A. Brock is still in the employ of Colonial Cannery, Inc.” From this judgment the garnishee and Mrs. C. A. Brock have appealed devolutively and Colonial Cannery, Inc. has filed in this court exceptions of no cause or right of action.
The pleading labeled “Exception of no cause or right of action”, filed by the garnishee, contains three paragraphs before the prayer. The first “pleads the prescriptive period of 20 days to the rule labeled ‘rule to traverse’, Revised Statutes 13:3911.” The second maintains the rule and motion to traverse the answers of the garnishee does not state a “cause Of or right of action”, and that the rule was waived since the rule to traverse was filed more than 20 days after the filing of the garnishee’s answers to interrogatories. The third argues there is no right of or any cause of action for the reason the garnishment process “is attempting to establish title to salary and is attempting to attack and avoid a pre-existing assignment which cannot be done on the rule to traverse its answers, and must be by direct action.”
LSA-RS 13:3911 provides: “notice in writing of the answers of the garnishee * * * shall be served on the plaintiff, or seizing creditor, in the same manner that citations are served in ordinary suits.” In those cases where the plaintiff or seizing creditor desires to traverse or disprove the answers of the garnish ee, the Statute further provides: “he shall, within twenty clear days after service of the notice of the filing of the answer by the garnishee has been made upon him as aforesaid, file a rule in court or institute other proceedings against the garnishee for the purpose aforesaid.”
It does not appear from the record any notice was served in accord with the provisions stated or that this service had been waived.
Source of LSA-RS 13:3911 is Act No. 27 of 1877 Ex.Sess., as amended by Act 73 of 1884. Under these Acts the Supreme Court of Louisiana, in Chalmette Petroleum Corporation v. Myrtle Grove Syrup Co., Inc., 175 La. 969, 144 So. 730, 734, stated:
“Since the record in this case does not show that notice of the filing of the garnishee’s answers has been served upon the plaintiff, or that service has been waived, the statutory prescription of twenty days, against the plaintiff’s right to traverse the answers of the garnishee herein, had not even commenced to run when the rule 'to traverse was filed.”
*281 The case of Industrial Loan & Inv. Co. v. Price, La.App., 31 So.2d 881, cited by counsel for the garnishee, is inapposite since there the plaintiff filed a formal motion to set aside the answer of the garnishee and thereby waived his right to object to the lack of formal service of notice of the filing of an answer by the garnishee. The 20 day period there commenced running when plaintiff filed his motion to set aside the answer. No such waiver is found in the present case.
The contention that the garnishment proceeding is attempting to establish title to salary and attack and avoid a pre-existing assignment is without merit since the garnishment proceeding was regular, and the plaintiff had the right to traverse the interrogatories, and the question of the salary of Mrs. Brock or any assignment thereof would become a matter of proof and the employer garnishee would be bound to set up such a claim under LS A-RS 13:3925:
“If the employer answering such interrogatories should plead that the employee is indebted unto the employer, the employer shall make a full and complete disclosure of the status of such account, showing the time that the debt was incurred, the exact amount of such debt, the credits applicable thereto, the manner in which this debt is being liquidated, and all other facts in connection therewith and pertinent thereto, whereupon the court may hear evidence affecting such issue and may render a judgment ordering the payment to the employer of the non-exempt portion of such salary, wage or commission at a specified rate in the same manner as if the employer were a judgment creditor having a prior garnishment.”
The 'answers to the interrogatories failed to plead that Mrs. Brock was indebted to the Colonial Cannery, Inc., and nowhere in the evidence herein is found “a full and complete disclosure of the status of such account”. The first allegation that Mrs. Brock was indebted to the garnishee is made in the answer to the rule to traverse. And on the trial of the rule Mrs. Brock’s employer signally failed to bear the burden of proof incumbent upon it to prove the indebtedness.
The exceptions are overruled.
The only witness who testified on the trial of the rule was Mrs. Brock who stated, first, that she had entered into a marital contract in the State of Mississippi at the time of her marriage to C. A. Brock 19 years ago. However, the appellants have abandoned their contention that this contract governed the status of Mrs. Brock’s salary, but now contend that Mrs. Brock is indebted to the garnishee in the amount of $1,300, and since she testified there was an assignment to her employer for that sum it should be paid with preference and priority over the claims of plaintiff herein.
First, there is no doubt but that the salary of Mrs. Brock is community property as it is well settled in our jurisprudence that a wife’s earnings arising during the marriage when she and her husband are living together are community and not separate property. In fact, all funds acquired during marriage are presumed to be community funds and a wife claiming they belong to her separate and paraphernal estate has the burden of establishing such claim by clear and convincing evidence. De Maupassant v. Clayton, 214 La. 812, 38 So.2d 791.
Counsel for appellants, evidently admitting the community status of Mrs. Brock’s salary, rests his case upon Pelican Well Tool & Supply Co. v. Smith (New York Indemnity Co., Garnishee), 176 La. 896, 147 So. 27. Therein the plaintiff, judgment oreditor of the defendant, caused a writ to issue in execution of its judgment alleging the garnishee was a debtor of, or, held funds in its hands belonging to the defendant. The usual interrogatories were issued, pursuant to a garnishment process, and in answer to the interrogatories the garnishee denied that it was indebted to the defendant in any sum whatsoever or that it had in its possession at the time of their service or since, anything of value belonging to the defendant. Further an *282 swer mg the interrogatories allegations were made claiming title to certain property held by it. After these answers plaintiff ruled the garnishee into Court to show cause why judgment should not be rendered in its favor and against the garnishee for the full amount of plaintiff’s judgment, whereupon the garnishee excepted to the rule as not disclosing a right or a cause of action, and reserving its rights under the exceptions, answered the rule. This answer denied all of the allegations contained in the rule and reaffirmed the answers to the interrogatories. The garnishee contended the rule to show cause was either a demand for a judgment pro confesso or a rule to traverse, and that if it was the former such a judgment could not be rendered since the answers to the interrogatories were not an unconditional and unqualified confession of indebtedness to the defendant; that if it was a rule to traverse it could not be maintained since the garnishee claimed title to the fund in its possession. The exception of no cause of action was maintained by the trial court, the rule nisi recalled, and the suit dismissed at plaintiff’s cost, and this judgment was affirmed by the Supreme Court, citing authorities, holding the validity of a title claimed by a garnishee cannot be passed on in a rule to traverse its answer, but that such an issue can only be adjudicated in a direct suit to test the sufficiency of the title.
The situation found in the last cited case is far different from that found here. Colonial Cannery, Inc. answered in the negative all interrogatories, and it was only in the answer to the rule to traverse that it claimed Mrs. Brock was indebted to it in any sum whatsoever. This was answered in the alternative, the first contention in this answer being the salary of Mrs. Brock was her separate and para-phernal property. This alternative claim of the garnishee is governed by Revised Statute 13:3925, and since the garnishee has failed to meet the requirements of this Statute the lower Court correctly rendered a judgment against the garnishee. There was never any question of title alleged or involved, but merely the question of whether a debt was due by the employee to Colonial Cannery, Inc.
The judgment is affirmed.