CULPEPPER, Judge.
This is a companion suit to Miguez v. Miguez, 128 So.2d 799, these two cases having been consolidated both for purposes of trial in the lower court and for purposes of appeal. Separate opinions are being rendered by this court in each case on this date.
A review of the opinion rendered in the said companion case will shows that on April 18, 1960, Leona Sedotai Miguez filed suit against her husband, Isaac Paul Mi-guez, Sr. for separation from beds and board on the ground of cruelty. In said suit the husband answered denying cruelty and alleging that the wife was at fault 'by reason of her adulterous relationship with another man and by reason of her abandonment of the husband without cause, but the husband, in those proceedings, did not pray for either separation or divorce.
A few days before the said companion case was tried on the merits in the lower court, the husband filed the instant suit for absolute divorce on the grounds of adultery and in the alternative for separation from bed and board. In this suit the husband alleged that on April 13, 1960, the wife moved to her own apartment in New Iberia and “that at such apartment she was con *805 stantly in the company of Howard Boutte, engaging in various amorous relationships with him”, and specifically that they were guilty of adultery. The wife did not answer in this suit until October 28, 1960, which was after trial, but before judgment in the other suit. She answered generally denying plaintiffs petition and in reconvention prayed for separation from bed and board on the same grounds of cruelty which she had alleged in the companion case in which she was plaintiff, except that here she made the additional allegation that in said companion case the husband in his answer and on the trial of said case had “without any reasonable grounds whatever wantonly and maliciously accused defendant, publicly and in open court of having committed acts of adultery with one Howard Boutte to the great mental stress and humiliation of defendant”.
On November 7, 1960, the husband dismissed his suit, as of nonsuit, leaving in these proceedings only the wife’s recon-ventional demand. See Code of Practice, Art. 491 and De Maupassant v. Clayton, 214 La. 812, 38 So.2d 791. On November 8, 1960, the husband filed an exception of lis pendens on the grounds that the wife’s re-conventional demand in these proceedings was the same cause of action for separation, child custody and alimony urged by her in said companion case in which she was plaintiff. On November 25, 1960, which was the same date that the trial court rendered final judgment in said companion case, it also rendered judgment in these proceedings sustaining the exception of lis pendens filed by the husband and dismissing the entire suit, including the wife’s reconventional demand on the grounds that the wife had. suspen-sively appealed from the judgment rendered in her suit and the two causes of action were the same. From this judgment the wife has appealed devolutively.
The judgment appealed from in this case did nothing more than sustain the husband’s exception of lis pendens and dismiss the wife’s reconventional demand which she had filed in these proceedings. Therefore, the only issue before us on appeal in this case is the correctness of the lower court’s judgment sustaining the exception of lis pendens.
Code of Practice, Article 94 dealing with lis pendens provides as follows:
“Lis pendens — Multiple suits. — The same cause can not be brought before the same or separate courts, though they be possessed of concurrent jurisdiction, except by discontinuing the suit first brought before the answer is filed. The judge before whom the action is first brought shall sustain his jurisdiction, and the defendant shall be entitled to have the cause dismissed in the other suit or by the other court, and to recover costs. Nevertheless, if the defendant, instead of claiming to be dismissed, should answer in the actions so brought against him, the judgment first rendered shall be valid and executory. Proceedings shall be stayed in the other suit or in the other court, as the case may be, and the plaintiff dismissed after paying the costs. (As amended, Acts 1918, No. 62.)”
In the case of State ex rel. Marston v. Marston, 223 La. 1046, 67 So.2d 587, 589, the court held as follows:
“It is well settled that the pleas of res judicata and lis pendens bear a strong analogy and that a fair test of lis pendens is to inquire whether a final judgment in the former suit would be res judicata in the latter, if it would then the exception of lis pendens is well pleaded. Dick v. Gilmer, 4 La.Ann. 520; Bischoff v. Theurer, 8 La.Ann. 15; Exchange National Bank v. Holoman Bros., 177 La. 537, 148 So. 702.”
LSA-C.C. Article 2286 sets out the essential elements of res judicata as follows:
“Judgments — When res judicata.— The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The *806 thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
As regards the cases under consideration, we find that two of the essential elements of res judicata are present, i. e., the cases involve the same parties and the thing demanded by the wife is the same, i. e., a judgment of separation from bed and board, together with the incidental demands of child custody and alimony. However, the third essential element is missing, i. e. the demand is not founded completely on the same cause of action. As stated above, the acts of cruelty which the wife has alleged on the part of the husband are the same in both suits and as to these, the judgment in the first suit in which the wife was plaintiff is clearly res judicata. However, in the reconventional demand filed in the instant case the wife has made the additional allegation that in the husband’s answer and during the trial of the first case he has wantonly and maliciously accused the wife, publicly and in open court, of having committed acts of adultery with Howard Boutte. This last issue was not before the court in the first case, was not adjudicated and therefore the judgment rendered in said case is not res judicata as to allegations of defamation of character.
The general rule is that res judicata is stricti juris. See Lloveras v. Reichert, 197 La. 49, 200 So. 817, and the landmark case of Hope v. Madison, 194 La. 337, 193 So. 666.
For the reasons assigned, the judgment of the lower court sustaining the exception of lis pendens is affirmed insofar as it relates to the cause of action for cruelty which is the same in both suits, but the judgment of the lower court is reversed insofar as it relates to the wife’s cause of action for separation from bed and board on the grounds that the husband “wantonly and maliciously accused defendant, publicly and in open court of having committed acts of adultery with one Howard Boutte to the great mental stress and humiliation of defendant”, and this case is remanded to the lower court.
Affirmed in part, reversed in part and remanded.