PRICE, Judge.
Plaintiff brought suit for divorce in the district court for the parish of Caddo, alleging that he had been separated from defendant for more than two years without reconciliation and had been a resident of Louisiana for more than five years.
The trial court refused to grant plaintiff a final divorce holding that he had failed to show that his living separate and apart from his wife was voluntary on her part.
Plaintiff has appealed. The sole issue on this appeal concerns whether the trial court erred as a matter of law in applying La.R.S. 9:301 so as to require that the separation be voluntary on the part of both parties.
The following facts are not in dispute. Plaintiff was married to defendant in the state of Virginia. They separated in that state in 1970 and in 1974 plaintiff moved to Caddo Parish and has been domiciled here ever since, whereas defendant has remained in the state of Virginia'. In February 1979 plaintiff filed this suit seeking a final divorce. When defendant was notified of the pending suit she responded in a letter to the court appointed curator that she had been unaware of her husband’s whereabouts since 1973, and that he had been derelict in his child support payments since that time. The trial judge therefore concluded that the separation of the parties was not mutually voluntary and refused to grant the divorce.
Plaintiff seeks the divorce under R.S. 9:301 which provides:
When spouses have been living separate and apart continuously for a period of two years or more either spouse may sue for and obtain a judgment of absolute divorce.
There is no requirement under this statute that the separation be voluntary on the part of both husband and wife. It is sufficient that it be voluntary with respect to only one of the parties. See Sciortino v. Sciortino, 209 So.2d 355 (La.App. 4th Cir. 1968), writ refused 252 La. 461, 211 So.2d 328 (1968), and Otis v. Bahan, 209 La. 1082, 26 So.2d 146, 166 A.L.R. 494 (1946).
Therefore, for the above and foregoing reasons the judgment of the district court is reversed, and it is hereby ordered that there be judgment in favor of plaintiff, Alan Leonard Miller, and against defendant, Carolyn Bradley Miller, decreeing a final divorce and dissolving the bonds of matrimony heretofore existing between them. All costs including this appeal are assessed to appellee.