PONDER, Judge.
SerMae Electrical Systems, Inc., claimant to some funds in the hands of a garnishee, appealed the judgment awarding the funds to the judgment creditors who had garnished the funds.
The issue is the propriety of summary procedure to resolve conflicting claims to garnished funds.
We affirm.
Electrical Systems and Service, Inc. which had a contract with Zigler Shipyards for some electrical work and which was in financial difficulties, agreed with SerMae that the latter would do the work with employees of both firms. In the meantime Credit Bureau of Morgan City-Berwick, Inc., and Drilling & Marine Electric Supply Company, Inc., secured judgments against Electrical Systems and Service. They garnished the proceeds of the contract with Zigler, naming both Zigler and SerMae as garnishee. Zigler answered the garnishment interrogatory that both Electrical Systems and SerMae had submitted invoices for work done by employees of both firms and that it did not know whether it owed Electrical Systems or not. SerMae answered denying it held any assets belonging to Electrical Systems.
Plaintiffs filed a rule to determine the rights to the money held by Zigler. SerMae filed exceptions of no cause of action, no right of action, and unauthorized use of summary proceedings. The court overruled these and held that the money had accrued to Electrical Systems because of the contract and that it was subject to seizure by Electrical Systems’ creditors.
*926 SerMac contends that summary proceedings are not the procedure to determine title to contested funds in the hands of a garnishee, and cites Pelican Well Tool and Supply Co. v. Smith, 176 La. 896, 147 So. 27 (1933) and National Park Bank v. Concordia Land and Timber Co., 159 La. 86, 105 So. 234 (1925). We distinguish both cases. Pelican Well involves a contest between a garnishee and a third party. SerMac was made a garnishee originally but its negative answer was not traversed and it ceased being a garnishee. National Park Bank involved the garnishment of an unliquidat-ed tort claim.
First State Bank v. Burton, 222 La. 1030, 64 So.2d 421 (1953) stated that a garnishee, making no claim to the garnished funds but faced with conflicting claims could provoke a concursus or could resist the garnishment by stating that there were claimants other than the judgment debtor and require the plaintiff to bring in the other claimants. Zigler has pursued the second alternative. We approve that procedure.
For these reasons, the judgments are affirmed at appellant’s costs.
AFFIRMED.